**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOSEPH TODD HINKLE,**

                **Plaintiff,**                      **Case No. 2:05-cv-574**
                                              **JUDGE GREGORY L. FROST**
      **v.**                                **Magistrate Judge Norah McCann King**

**NORFOLK SOUTHERN**
**RAILWAY COMPANY,**

                **Defendant.**

**OPINION AND ORDER**

       This matter is before the Court for consideration of Plaintiff's Preliminary Motions in Limine (Doc. # 59) and Defendant's response (Doc. # 63).  For the reasons that follow, the Court finds the motion well taken only in part.

**I.  Plaintiff's Violation of Court Order**

       As a threshold matter, this Court must address Plaintiff's untimely filing of the motion *sub judice*.  The undersigned judicial officer has a standing order, available from the Clerk and posted on the Court's website, that provides that "[m]otions in limine . . . shall be filed three weeks prior to the final pretrial conference."  Trial Procedure for Civil Jury Trial, at 6.  The Court held the final pretrial conference in this case on January 9, 2007, but Plaintiff did not file his motion *in limine* until January 30, 2007.  (Doc. # 59.)  Plaintiff's multi-pronged motion *in limine* is therefore well outside the filing deadline.  Moreover, Plaintiff failed to obtain leave of Court prior to filing the motion.

       Although asserting some prejudice consequent to the untimely filing, Defendant does not move to strike the motion *in limine*.  Rather, Defendant asks in its response that "the Court

address the late filing . . . in the manner which the Court deems reasonable and appropriate."

(Doc. # 63, at 1.)

The Court is not pleased with Plaintiff's actions. In the interest of resolving the numerous issues presented by the motion *in limine* prior to trial, however, and in light of the fact that Defendant has been able to file a response to the motion, the Court does not strike the motion *in limine* or impose the sanctions on Plaintiff's counsel that it was considering. The Court instead simply admonishes Plaintiff's counsel for his abject failure to comply with all applicable orders of this Court and advises counsel to meet his responsibilities in the future.

## II.  Motion *in Limine*

### A.  Standard Involved

The Court has previously noted that the inquiry involved in and nature of a motion *in limine* decision are well settled:

> Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child and Family Serv.,* 115 F.3d 436, 440 (7th Cir.1997). The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Cf. Luce v. United States,* 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 n.4, 83 L. Ed. 2d 443 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. (citations omitted). Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *See United States v. Connelly,* 874 F.2d 412, 416 (7th Cir.1989) (citing *Luce,* 469 U.S. at 41, 105 S. Ct. at 463) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F. Supp. 1398, 1400-01 (N.D.

2

Ill.1993).

*Indiana Ins. Co. v. General Elec. Co.*, 326 F. Supp.2d 844, 846-47 (N.D. Ohio 2004).  Cognizant of this standard, the Court shall address each of Plaintiff's sixteen categories in his combined motion *in limine*.

    **B.  Discussion**

        **1.  *Defendant's "work product"***

In the first aspect of his motion *in limine*, Plaintiff seeks to preclude Defendant's use at trial of undisclosed evidence protected during discovery by the attorney work product privilege. Arguing that Plaintiff misconstrues the privilege, Defendant opposes the motion while at the same time stating that it is "not currently aware of any particular evidence which would be affected by this motion."  (Doc. # 63, at 3.)  Because this aspect of Plaintiff's motion does not appear to be applicable to the facts of this litigation, the Court denies this portion of the motion as moot.

        **2.  *Discipline***

Plaintiff moves this Court to exclude evidence of any discipline assessed by Defendant against him.  In response, Defendant asserts that it does not know how the request applies to this case, but does not oppose this aspect of the motion.  Because this aspect of Plaintiff's motion also does not appear to be applicable to the facts of this litigation, the Court denies this portion of the motion as moot.

        **3.  *Unrelated injuries or medical conditions***

In the third component of his motion, Plaintiff seeks to exclude evidence of his injuries suffered prior to or after the injury at the heart of this case.  Plaintiff also seeks to preclude

Defendant's use at trial of his medical conditions.

Plaintiff's request sweeps too broadly in that it would encompass conditions that might bear directly on the issues of causation and damages. It would exclude Defendant's defense that "Plaintiff's medical condition . . . is exclusively the result of his preexisting medical condition." (Doc. # 63, at 4.) The Court therefore denies the motion to the extent that Defendant is permitted to introduce evidence of and cross-exam on Plaintiff's injuries and medical condition as they relate to the present claimed injury. Although this information might be construed as prejudicial to Plaintiff, its clear relevance and probative value outweighs any such prejudice. To the extent Defendant would seek to introduce unrelated medical information, it cannot do so.

### 4. *Railroad Retirement Board benefits*

Plaintiff seeks to preclude Defendant's reference to benefits paid by the Railroad Retirement Board and to his health insurance benefits. Defendant notes that Plaintiff is not receiving such benefits and that Plaintiff has indicated that he is not going to introduce at trial evidence of his medical bills. Because this aspect of Plaintiff's motion does not appear to be applicable to the facts of this litigation, the Court denies this portion of the motion as moot.

### 5. *Railroads jobs*

In the fifth component of his motion *in limine*, Plaintiff seeks an order that "[t]o the extent the Defendant railroad wants to suggest that [Plaintiff] failed to seek alternative employment, it must present evidence outside the presence of the jury that appropriate jobs were and/or are actually available." (Doc. # 59, at 9.) Defendant construes this request as meaning that "Plaintiff apparently seeks to prevent the jury from receiving evidence about [Defendant's] vocational rehabilitation program and [Defendant's] efforts to return Plaintiff to the workforce."

(Doc. # 63, at 5.)

Defendant's overly broad reading of the motion is puzzling. Considering the plain language and meaning of the motion, this Court recognizes that Plaintiff seeks to have Defendant proffer to the Court evidence of the availability of any jobs that the company wishes to put before the jury. The Court grants the request and orders that prior to introducing evidence of or referencing any alleged failure by Plaintiff to mitigate damages through obtaining a specific job, Defendant shall first proffer to the Court, outside the presence of the jury, its evidence that the job was actually available to Plaintiff.

### 6. *Location of counsel*

Citing inapplicable case law, Plaintiff also seeks to preclude any reference at trial to the location of the office of his counsel. Defendant in turn asks the Court to permit such reference for the limited purpose of voir dire. Having considered the hypothetical and minimal possibility of any prejudice that such a reference might cause, the Court finds that the needs of *voir dire* outweigh Plaintiff's speculative harm. The Court–and *only* the Court–will make reference in *voir dire* to the location of Plaintiff's counsel's office. Defendant shall make no such reference.

### 7. *Alleged rule violations*

The seventh aspect of Plaintiff's motion *in limine* targets any alleged rule violations by Plaintiff. Plaintiff does not elaborate what rules with which he is concerned. Defendant states that it is unaware of how this requests applies to this case. Because this aspect of Plaintiff's motion therefore does not appear to be applicable to the facts of this litigation, the Court denies this portion of the motion as moot.

### 8. *Undisclosed opinion or expert testimony*

In a one-sentence section of its motion, Plaintiff also seeks the exclusion of "[a]ny opinion or expert testimony not properly and timely disclosed." (Doc. # 59, at 10.)  The Court does not disagree with this general proposition.

The breadth of Plaintiff's request is notable, however, and Defendant's response is concerned that Plaintiff is covertly seeking to exclude testimony by William Darling, who produced a disclosed expert report but whom Plaintiff did not depose.  But Plaintiff has presented no argument that Defendant did not properly disclose Darling.  Thus, to the extent Defendant properly disclosed Darling, he falls outside Plaintiff's motion.

Because Plaintiff has failed to present this Court with anything beyond a general request, the Court generally grants this aspect of the motion.  The Court does not exclude any specific witness, however, because there has been no showing that anyone falls within Plaintiff's general and apparently moot category.

### 9.  Other lawsuits or injury claims

Plaintiff asks the Court to exclude evidence of other claims or lawsuits made or brought by Plaintiff.  Defendant professes not to know how this request even applies to this case. Because this aspect of Plaintiff's motion does not appear to be applicable to the facts of this litigation, the Court denies this portion of the motion as moot.

### 10.  Transfer or relocation as mitigation

In the tenth aspect of his motion *in limine*, Plaintiff seeks to exclude any evidence of available jobs outside the Columbus area.  The basis for this request is Plaintiff's contention that he has no legal duty to move or commute long distances to satisfy his duty to mitigate.

Defendant disputes Plaintiff's reading of the law.  Rather than applying Washington

common law as Plaintiff does, Defendant more properly directs this Court to Ohio common law, which provides that whether such relocation is reasonable is a jury question. *Staczek v. Hunger United States Special Hydraulic Cylinders Corp.*, No. WD-84-54, 1985 WL 8391, at *3 (Ohio 6th Dist. Ct. App. Feb. 8, 1985). State common law informs this aspect of an FELA claim. *See Niemiec v. Union Pacific Railroad Co.*, 449 F.3d 854, 858 (8th Cir. 2006) (FELA case applying Iowa common law to failure-to-move mitigation jury instruction). Accordingly, the Court denies Plaintiff's request.

### 11.  *Exclusion of witnesses*

Plaintiff moves the Court to exclude from the court room each witnesses who may testify until the witness is called to testify. Defendant consents to this request with one exception; the railroad argues that the Court should permit Darling to remain as a vocational expert who can base his opinion on trial testimony under Federal Rule of Evidence 703. The Court recognizes the exception and grants this aspect of Plaintiff's motion except in regard to Darling.

### 12.  *Undisclosed exhibits*

In the twelfth component of his motion *in limine*, Plaintiff asks the Court to exclude all exhibits that have not been previously identified and produced during discovery. Defendant opposes the motion on the grounds that it is overbroad, citing as acceptable examples an impeachment exhibit that would have previously been protected by the work product doctrine and an undisclosed document used to refresh a witness' memory. The Court agrees with Defendant and denies Plaintiff's unduly broad blanket request.

### 13.  *Settlement discussions*

Citing Federal Rule of Evidence 408 and public policy, Plaintiff moves to preclude

evidence of settlement discussions at trial.  Defendant does not oppose the request, although it describes the motion as unnecessary.  Given the clarity of the law on this point, the Court agrees with Defendant but nevertheless grants this perfunctory aspect of Plaintiff's motion.

### 14.  Surveillance

Noting that Defendant has failed to disclose any surveillance of him during discovery, Plaintiff seeks to prohibit Defendant from using any such surveillance at trial.  Plaintiff has again failed to comply with S.D. Ohio Civ. R. 7.2(a)(1) by failing to provide authority supporting his request.  In response, Defendant indicates that it does not oppose the motion because it is "not currently aware of any surveillance" of Plaintiff.  (Doc. # 63, at 12.)  Because this aspect of Plaintiff's motion also does not appear to be applicable to the facts of this litigation, the Court denies this portion of the motion as moot.

### 15.  Independent examiner characterization

In the fifteenth component of his motion *in limine*, Plaintiff asks this Court to preclude Defendant from characterizing Dr. Walter Hauser's examination of Plaintiff as an "independent medical examination."  Plaintiff argues that there is no basis for applying the "independent" label in the Federal Rules of Civil Procedure and that the term is misleading given the fact that Defendant hired Hauser, who has often functioned as a medical examiner for defendants in other cases.  If the Court were to permit use of the term "independent," Plaintiff contends, it would elevate Hauser's status above Plaintiff's treating physicians.

Defendant opposes Plaintiff's argument primarily on the grounds that courts, including this Court, have used the term "independent" to describe medical examination in prior cases. Language that is used in an opinion that a jury will not see at trial differs from language that is

8

placed before a jury.  Accordingly, although the Court is notably skeptical that the term

"independent" is as conclusively biased or biasing as Plaintiff argues, the Court deems the

concern just sufficient enough here to grant this aspect of Plaintiff's motion.  There shall be no

reference to Hauser as an independent medical examiner or to his examination as an independent

medical examination.

### 16.  *Reservation to submit additional motions in limine*

Plaintiff states in his last category that "[t]he right to submit additional motions in limine

is reserved."  (Doc. # 59, at 12.)  Although Plaintiff's phrasing unquestionably indicates that he

is making a statement, Defendant treats the statement as a request and asks the Court to deny the

motion on the grounds that additional motions *in limine* will unfairly prejudice Defendant in its

trial preparation.

Defendant's characterization of Plaintiff's statement is charitable.  Plaintiff is not asking

the Court for anything; rather, Plaintiff is telling the Court that he is free to file additional

motions.  But Plaintiff is clearly wrong.  No party has a right to ignore this Court's pretrial

orders and standing orders as Plaintiff has done in filing his belated January 30, 2007 motion *in*

*limine*.  And Plaintiff, whose disregard for the litigation schedule has already exhausted this

Court's patience, should not engage in such poor litigation tactics again.

### III.  Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's January 30, 2007

motion *in limine* as set forth above.  (Doc. # 59.)  As with all *in limine* decisions, these rulings

are subject to modification should the facts or circumstances at trial differ from that which has

been presented in the pre-trial motion and memoranda.  Accordingly, counsel should discuss first

with the Court the use of any material that might fall within the categories designated herein as

not applicable to the facts of this litigation before referencing or introducing such material at

trial.

        **IT IS SO ORDERED**.

                                        _____s/ Gregory L. Frost_____
                                        GREGORY L. FROST
                                        UNITED STATES DISTRICT JUDGE